CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
May 12, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DEREK ALLEN BLACKWELL,** ) | |
| Plaintiff, ) | Case No. 7:25-cv-00139 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| **RICHARD ALSBROOK**, et al., ) | Senior United States District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION

Derek Allen Blackwell, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against three correctional officials employed by the Southwest Virginia Regional Jail Authority (SWVRJA). The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.     Background

Blackwell is incarcerated at the SWVRJA's facility in Abingdon, Virginia. Compl., ECF No. 1, at 2. He alleges that a new policy took effect on January 25, 2025, which "allows only one hour of out of cell activities per day." Id. During the one-hour period, 18 inmates are allowed out of their cells to make phone calls, take showers, watch television, and engage in other recreational activities. Id. at 3. Because only three phones are available for use, it is not possible for every inmate to use the phone each day. Id. In his request for relief, Blackwell states that he would like for the Abingdon facility to allow inmates to be released from their cells for at least four hours per day, "as required." Id. at 4.

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or agent. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Complaints filed by pro se litigants must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terrace, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III. Discussion

Blackwell commenced this action by filing a form complaint under 42 U.S.C. § 1983. Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d

241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed Blackwell's complaint, the court concludes that it fails to state a claim under § 1983. First, the complaint does not identify a federal statutory or constitutional right that Blackwell believes has been violated as a result of the new jail policy.* To the extent the policy limits his ability to make telephone calls, "an inmate 'has no right to unlimited telephone use'" under the First Amendment. Washington v. Reno, 35 F.3d 1093, 1100 (6th Cir. 1994) (quoting Benzel v. Grammer, 869, F.2d 1105, 1008 (1989)). "Instead, a prisoner's right to telephone access is 'subject to rational limitations in the face of legitimate security interests of the penal institution.'" Id. (quoting Strandberg v. City of Helena, 791 F.2d 744, 747 (9th Cir. 1986)); see also Valdez v. Rosenbaum, 302 F.3d 1039, 1049 (9th Cir. 2002) (explaining that a restriction on telephone access did not violate a pretrial detainee's free speech rights since it was rationally related to a legitimate government interest and detainees had alternative means of communicating with persons outside the prison). Because an inmate challenging the constitutionality of a prison regulation or policy carries the burden to "disprove its validity," Blackwell must allege facts sufficient to show that the policy is not reasonably related to a

---

* To the extent Blackwell asserts that state law requires inmates to receive at least four hours of out-of-cell time, a mere violation of state law does not provide a basis for relief under § 1983. See Clark v. Link, 855 F.2d 156, 161 (4th Cir. 1988).

legitimate penological objective. Desper v. Clarke, 1 F.4th 236, 244–45. Blackwell's complaint fails to satisfy this pleading requirement.

Additionally, in a § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676. Although Blackwell's complaint lists three defendants in the case caption, it does not explain how the defendants are responsible for any alleged violation of his federal constitutional rights. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974); see also Gilmore v. Corr. Corp. of Am., 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983.").

## IV.    Conclusion

For the foregoing reasons, the court concludes that the complaint must be dismissed for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: May 12, 2025

Mike Urbanski
Senior U.S. District Judge
2025.05.12 12:21:25 -04'00'

Michael F. Urbanski
Senior United States District Judge